**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| JANE DOE #1 and JANE DOE #2, | ) | CASE NO.: 3:24-cv-00362-JDA |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **XYZ SKATING RINK, INC.'S ANSWER TO** |
| | ) | **PLAINTIFFS' COMPLAINT** |
| ABC SKATING FEDERATION, INC., | ) | **(JURY TRIAL REQUESTED)** |
| XYZ SKATING RINK, INC., and JOHN | ) | |
| ROE, Figure Skating Coach, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW, Defendant XYZ Skating Rink, Inc. (hereinafter, "XYZ" or "this Defendant"), by and through its undersigned counsel, and answers the Complaint of Plaintiffs Jane Doe #1 and Jane Doe #2 ("Plaintiffs") as follows:

1.      Except as specifically admitted herein, each and every allegation in Plaintiffs' Complaint is expressly denied.

2.      This Defendant is currently without sufficient information or knowledge to answer the allegations set forth in Paragraphs 1 through 4, and therefore denies the same.

3.      Responding to the allegations in Paragraph 5, this Defendant admits only so much as alleges Defendant Roe gave skating lessons at this Defendant's rink. However, to the extent any allegation in Paragraph 5 is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. The remaining allegations are denied.

4.      Responding to the allegations in Paragraph 6, this Defendant admits only so much as alleges Defendant Roe was certified as a skating coach by ABC Skating Federation, Inc. However, to the extent any allegation in Paragraph 6 is intended to imply any wrongdoing, breach,

or liability on behalf of this Defendant, those allegations are denied. The remaining allegations are denied.

  5.  This Defendant admits the allegations in Paragraph 7.

  6.  This Defendant is currently without sufficient information or knowledge to answer the allegations set forth in Paragraphs 8 and 9, and therefore denies the same. However, to the extent any allegation in Paragraphs 8 and 9 is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. This Defendant further denies it has engaged in any wrongful conduct or is liable for the conduct of any other party.

  7.  This Defendant denies the allegations in Paragraph 10.

  8.  Responding to the allegations in Paragraph 11, this Defendant craves reference to the dictionary definition of "sexual misconduct" and denies any allegations inconsistent with said definition. However, to the extent any allegation in Paragraph 11 is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

  9.  This Defendant is currently without sufficient information or knowledge to answer the allegations set forth in Paragraphs 12 and 13, and therefore denies the same. However, to the extent any allegation in Paragraphs 12 and 13 is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. This Defendant further denies it has engaged in any wrongful conduct or is liable for the conduct of any other party.

  10.  Responding to the allegations in Paragraph 14, any duties owed by this Defendant arise by operation of contract or law. To the extent any allegation in this Paragraph suggests or implies the existence of any duty other than those arising by law, those allegations are expressly denied. Further responding, this Defendant denies that it breached any duties owed to Plaintiffs and demands strict proof thereof.

11.     This Defendant is currently without sufficient information or knowledge to answer the allegations set forth in Paragraphs 15 and 16, and therefore can neither admit nor deny the same.

12.     Responding to the allegations in Paragraphs 17 through 25, this Defendant admits only so much as alleges that Plaintiffs filed a Motion to Proceed under a Pseudonym on January 25, 2024 [ECF No. 5]. This Defendant denies the remaining allegations in Paragraphs 17 through 25. However, this Defendant acknowledges that, in light of their allegations (which are denied), that Plaintiffs have legitimate privacy interests, and thus, this Defendant will not oppose the entry of an order authorizing Plaintiffs to proceed anonymously.

13.     This Defendant is currently without sufficient information or knowledge to admit or deny the allegations in Paragraph 26.

14.     This Defendant admits the allegations in Paragraph 27.

15.     Responding to the allegations in Paragraphs 28 and 29, this Defendant craves reference to ABC's governing documents under its charter given by the United States Olympic Committee and denies any allegations inconsistent with its governing documents. Further responding, to the extent any allegation in Paragraphs 28 and 29 is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

16.     This Defendant is currently without sufficient information or knowledge to admit or deny the allegations in Paragraphs 30 through 39. However, to the extent any allegation in these Paragraphs is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

17.     Responding to the allegations in Paragraph 40, this Defendant admits only so much as alleges it has owned and operated the subject ice-skating rink from July 29, 2018 to present. The remaining allegations are denied.

18.     Responding to the allegations in Paragraph 41, this Defendant denies Defendant Roe was an employee of XYZ at all times alleged in the Complaint. Further responding, this Defendant craves reference to any contract(s) evidencing a work relationship between XYZ and Defendant Roe and denies any allegations inconsistent with said contract(s).

19.     Responding to the allegations in Paragraph 42, this Defendant craves reference to any contract(s) evidencing a work relationship between XYZ and Defendant Roe and denies any allegations inconsistent with said contract(s). However, to the extent any allegation in Paragraph 42 is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

20.     This Defendant denies the allegations in Paragraph 43.

21.     Responding to the allegations in Paragraph 44, this Defendant craves reference to the former complaints referenced therein and denies any allegations inconsistent with said complaints. Further responding, this Defendant denies the remaining allegations in Paragraph 44 because it performed a proper investigation before entering into a working relationship with Defendant Roe which included, among other things, performing a background check, which came back clean.

22.     Responding to the allegations in Paragraph 45, this Defendant craves reference to any contract(s) evidencing a work relationship between any of its all agents, servants, volunteers, and coaches referenced therein and denies any allegations inconsistent with said contract(s).

Further responding, to the extent any allegation in Paragraph 45 is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

23.     Responding to the allegations in Paragraph 46, this Defendant admits that it permits the coaching of minor figure skaters and young adults to occur on its premises. However, to the extent any allegation in Paragraph 46 is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

24.     Responding to the allegations in Paragraph 47, this Defendant craves reference to the South Carolina Mandatory Reporting statute, S.C. Code Ann. § 63-7-310, and denies any allegations inconsistent with said statute. However, to the extent any allegation in Paragraph 47 is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

25.     Responding to the allegations in Paragraph 48, this Defendant admits only so much as alleges it was served with the Complaint in this matter and is aware that Plaintiffs allege they participated in figure skating at this Defendant's skating rink. However, to the extent any allegation in Paragraph 48 is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

26.     This Defendant admits the allegations in Paragraphs 49.

27.     Responding to the allegations in Paragraph 50, this Defendant craves reference to any contract(s) evidencing a work relationship between XYZ and Defendant Roe and denies any allegations inconsistent with said contract(s). Further responding, to the extent any allegation in Paragraph 48 is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

28.    Responding to the allegations in Paragraph 51, this Defendant admits only so much as alleges Defendant Roe was a member and certified coach of ABC. This Defendant craves reference to ABC's rules and regulations referenced therein and denies any allegations inconsistent with said rules and regulations. However, to the extent any allegation in Paragraph 51 is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. The remaining allegations are denied as written.

29.    Responding to the allegations in Paragraphs 52 through 54, this Defendant craves reference to the rules, regulations, policies, procedures, and guidelines referenced therein and denies any allegations inconsistent with said rules, regulations, policies, procedures, and guidelines. However, to the extent any allegation in Paragraphs 52 through 54 is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. The remaining allegations are denied as written.

30.    Responding to the allegations in Paragraph 55, any duties owed by this Defendant arise by contract or by operation of law. To the extent any allegation in this Paragraph suggests or implies the existence of any duty other than those arising by contract or law, those allegations are expressly denied. Further responding, this Defendant denies that it breached any duties owed to Plaintiffs.

31.    This Defendant denies the allegations in Paragraph 56 through 58. This Defendant further denies it has engaged in any wrongful conduct or is liable for the conduct of any other party.

32.    Responding to the allegations in Paragraph 59, this Defendant denies Defendant Roe was acting within the course and scope of his employment and/or agency with XYZ with respect to the facts alleged herein. The remaining allegations are denied as written.

33.      Responding to the allegations in Paragraph 60, any duties owed by this Defendant arise by contract or operation of law. To the extent any allegation in this Paragraph suggests or implies the existence of any duty other than those arising by contract or law, those allegations are expressly denied. Further responding, this Defendant denies that it breached any duties owed to Plaintiffs.

34.      Responding to the allegations in Paragraph 61, this Defendant admits only so much as alleges that it was aware of the potential impact on minors from exposure to misconduct or exploitation. However, this Defendant denies knowledge that misconduct occurred and further denies knowledge that it knew or should have known of said misconduct. Further responding, to the extent any allegation in Paragraphs 61 is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

35.      This Defendant denies the allegations in Paragraph 62.

36.      This Defendant admits the allegations in Paragraphs 63 and 64.

37.      This Defendant denies the allegations in Paragraph 65.

38.      This Defendant admits the allegations in Paragraph 66.

39.      This Defendant admits the allegations in Paragraphs 67 through 71. However, to the extent any allegation in these Paragraphs is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

40.      Paragraph 72, including subparts (a) through (h), does not appear to be directed at this Defendant. However, to the extent Paragraph 72, including subparts (a) through (h), attempts to allege or does allege any cause of action, claim, act, error or omission as to this Defendant, those allegations are denied.

41.     Responding to the allegations in Paragraphs 73 through 78, this Defendant denies XYZ is the NGB of U.S. Figure Skating. As such, the remaining allegations in Paragraphs 73 through 78 are denied as written.

42.     Responding to the allegations in Paragraph 79, including subparts (a) through (j), this Defendant denies XYZ is the NGB of U.S. Figure Skating. As such, the remaining allegations in Paragraph 79, including subparts (a) through (j), are denied as written.

43.     Responding to the allegations in Paragraphs 80 and 81, this Defendant denies that XYZ is the NGB of U.S. Figure Skating. As such, the allegations in Paragraphs 80 and 81 are denied as written.

44.     This Defendant is currently without sufficient information or knowledge to admit or deny the allegations in Paragraphs 82 through 91. However, to the extent any allegation in these Paragraphs is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

45.     Responding to the allegations in Paragraph 92, any duties owed by this Defendant arise by contract or by operation of law. To the extent any allegation in this Paragraph suggests or implies the existence of any duty other than those arising by contract or law, those allegations are expressly denied. Further responding, this Defendant denies that it breached any duties owed to Plaintiffs.

46.     This Defendant admits the allegations in Paragraph 93. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

47.     Responding to the allegations in Paragraph 94, this Defendant craves references to the regulations and guidelines referenced therein and denies any allegations inconsistent with said

regulations and guidelines. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

48.     This Defendant admits the allegations in Paragraphs 95 through 97. However, to the extent any allegation in these Paragraphs is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

49.     Responding to the allegations in Paragraph 98, this Defendant admits only so much as alleges it is important for a YSO to carry out its mission to provide a safe environment. The remaining allegations are denied as written. Further responding, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. The remaining allegations are denied as written.

50.     This Defendant denies the allegations in Paragraph 99.

51.     This Defendant admits the allegations in Paragraphs 100.

52.     This Defendant is currently without sufficient information or knowledge to admit or deny the allegations in Paragraph 101. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

53.     Responding to the allegations in Paragraphs 102 and 103, this Defendant craves reference to the training and education programs referenced therein and denies any allegations inconsistent with said programs. Further responding, to the extent any allegation in these Paragraphs is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

54.     Responding to the allegations in Paragraphs 104 and 105, this Defendant craves reference to the policies and guidelines referenced therein and denies any allegations inconsistent with said policies and guidelines. Further responding, to the extent any allegation in these Paragraphs is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

55.     Responding to the allegations in Paragraphs 106 through 115, this Defendant craves reference to the Center's governing documents and denies any allegations inconsistent with said documents. Further responding, to the extent any allegation in these Paragraphs is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

56.     Responding to the allegations in Paragraphs 116 through 118, this Defendant craves reference to the training programs and educational resources referenced therein and denies any allegations inconsistent with said programs and resources. Further responding, to the extent any allegation in these Paragraphs is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

57.     Responding to the allegations in Paragraphs 119 through 126, this Defendant craves references to the SafeSport handbook, guidelines, and other governing documents, and denies any allegations inconsistent with said documents. Further responding, to the extent any allegation in these Paragraphs is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

58.     Responding to the allegations in Paragraph 127, this Defendant admits only so much as alleges that it collaborates with the Center and ABC to conduct the YSO program.

However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

59.     Responding to the allegations in Paragraphs 128 through 130, this Defendant admits the Center collects information, receives complaints, and investigates complaints against prospective and already certified coaches. However, to the extent any allegation in these Paragraphs is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

60.     Responding to the allegations in Paragraph 131, this Defendant admits that the Center should share information with ABC and XYZ that is indicative that a coach may cause a potential harm. However, this Defendant denies the Center shared such information regarding Defendant Roe. Further responding, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

61.     This Defendant is currently without sufficient information or knowledge to admit or deny the allegations in Paragraph 132. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

62.     This Defendant admits the allegations in Paragraphs 133 through 134. However, to the extent any allegation in these Paragraphs is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

63.     This Defendant is currently without sufficient information or knowledge to admit or deny the allegations in Paragraph 135. However, to the extent any allegation in this Paragraph

is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

64.     Responding to the allegations in Paragraph 136, this Defendant admits that it relies on ABC for the certification of a coach. However, further responding, this Defendant also maintains and implements its own hiring policies and procedures, which includes, but is not limited to, an independent background check. Further responding, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

65.     Responding to the allegations in Paragraph 137, this Defendant admits that the certification and hiring process is an important part of hiring qualified individuals. The remaining allegations are denied as written.

66.     This Defendant denies the allegations in Paragraphs 138 through 140.

67.     Responding to the allegations in Paragraph 141, this Defendant craves reference to the dictionary definition of "grooming" and denies any allegation inconsistent with said definition. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

68.     Responding to the allegations in Paragraphs 142, this Defendant admits only so much as alleges improper behavior relating to children and/or vulnerable individuals raises certain concerns. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

69.     Responding to the allegations in Paragraphs 143 through 158, this Defendant admits that the allegations in these paragraphs describe some of the potential ways in which grooming may occur in various settings. However, to the extent any allegations in these Paragraphs

is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

70.    Responding to the allegations in Paragraph 159, this Defendant admits only so much as alleges that understanding and recognizing the signs of grooming is part of preventing abuse. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

71.    Responding to the allegations in Paragraph 160, this Defendant admits only so much as alleges education on numerous topics is important for all individuals involved with programs involving minors and/or vulnerable populations. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

72.    Responding to the allegations in Paragraphs 161, this Defendant admits only so much as alleges that an imbalance of power between coaches and athletes can create various issues in any environment. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. The remaining allegations are denied as stated.

73.    Responding to the allegations in Paragraph 162, this Defendant admits only so much as alleges an imbalance in power between coaches and athletes may arise due to various factors. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. The remaining allegations are denied as stated.

74.    Responding to the allegations in Paragraph 163, this Defendant admits only so much as alleges that coaches often make decisions regarding playing time, position, and progress

in the sport for athletes on their teams. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. The remaining allegations are denied as stated.

75.     Responding to the allegations in Paragraph 164, this Defendant admits only so much as alleges that individuals with authority can misuse their authority to obtain certain results. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. The remaining allegations are denied as stated.

76.     Responding to the allegations in Paragraph 165, this Defendant admits only so much as alleges that coaches are one of many different people that children and young adults often trust. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. The remaining allegations are denied as stated.

77.     Responding to the allegations in Paragraph 166, this Defendant admits only so much as alleges that coaches who engage in improper behavior can create an unhealthy environment. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. The remaining allegations are denied as stated.

78.     Responding to the allegations in Paragraph 167, this Defendant admits only so much as alleges youth sport participants may rely on, among other people and things, their coaches for athletic success. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. The remaining allegations are denied as stated.

79.     Responding to the allegations in Paragraph 168, this Defendant admits only so much as alleges that dependency can lead to vulnerability. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. The remaining allegations are denied as stated.

80.     Responding to the allegations in Paragraphs 169 and 170, this Defendant admits so much as alleges that coaches often provide private coaching and training to certain athletes. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. The remaining allegations are denied as stated.

81.     Responding to the allegations in Paragraphs 171 and 172, this Defendant admits only so much as alleges that coaches engaged in grooming behaviors may use a power dynamic to reach their objectives. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. The remaining allegations are denied as stated.

82.     This Defendant is currently without sufficient information or knowledge to admit or deny the allegations in Paragraph 173. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

83.     Responding to the allegations in Paragraph 174, this Defendant admits only so much as alleges that a desire to be successful is one of many potential factors that may cause athletes to tolerate certain behavior. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. The remaining allegations are denied as stated.

84.     Responding to the allegations in Paragraph 175, this Defendant admits that a power imbalance, if one exists, is one factor that may contribute to underreporting of abuse. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. The remaining allegations are denied as stated.

85.     Responding to the allegations in Paragraph 176, this Defendant admits that a fear of not being believed is one reason that abuse may be underreported. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. The remaining allegations are denied as stated.

86.     Responding to the allegations in Paragraph 177, this Defendant admits only so much as alleges that proper training and education about appropriate boundaries in relationships and the signs of abuse is important for all individuals involved in youth athletics. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. The remaining allegations are denied as stated.

87.     Responding to the allegations in Paragraph 178, this Defendant admits only so much as alleges that YSOs should implement policies and undergo training and education to foster a healthy environment. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied. The remaining allegations are denied as stated.

88.     This Defendant is currently without sufficient information or knowledge to admit or deny the allegations in Paragraphs 179 and 180.

89.     Responding to the allegations in Paragraph 181, this Defendant admits only so much as alleges Defendant Roe held the title of Skating Director, Independent Consultant, at the subject skating rink in 2020. This Defendant is currently without sufficient information or knowledge to admit or deny the remaining allegations.

90.     This Defendant admits the allegations in Paragraphs 182 and 183. However, to the extent any allegation in these Paragraphs is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

91.     This Defendant is currently without sufficient information or knowledge to admit or deny the allegations in Paragraphs 184 through 188. However, to the extent any allegation in these Paragraphs is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

92.     This Defendant denies the allegations in Paragraphs 189 and 190.

93.     This Defendant is currently without sufficient information or knowledge to admit or deny the allegations in Paragraphs 191 through 217, and therefore denies the same. However, to the extent any allegation in these Paragraphs is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

94.     This Defendant denies the allegations in Paragraph 218.

95.     This Defendant is currently without sufficient information or knowledge to admit or deny the allegations in Paragraphs 219 through 226, and therefore denies the same. However,

to the extent any allegation in these Paragraphs is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

96.     This Defendant denies the allegations in Paragraphs 227 through 229.

97.     This Defendant is currently without sufficient information or knowledge to admit or deny the allegations in Paragraphs 230 through 236, and therefore denies the same. However, to the extent any allegation in these Paragraphs is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

98.     Responding to the allegations in Paragraph 237, any duties owed by this Defendant arise by contract or by operation of law. To the extent any allegation in this Paragraph suggests or implies the existence of any duty other than those arising by contract or law, those allegations are expressly denied. Further responding, this Defendant denies that it breached any duties owed to Plaintiffs.

99.     This Defendant admits the allegations in Paragraphs 238 through 240. However, to the extent any allegation in these Paragraphs is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

100.     This Defendant denies the allegations in Paragraph 241.

101.     This Defendant admits the allegations in Paragraphs 242.

102.     This Defendant denies the allegations in Paragraphs 243 through 245.

103.     Responding to the allegations in Paragraph 246, this Defendant craves reference to the statistics referenced therein and denies any allegation inconsistent with said statistics. However, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

104.     Responding to the allegations in Paragraph 247, any duties owed by this Defendant arise by contract or by operation of law. To the extent any allegation in this Paragraph suggests or implies the existence of any duty other than those arising by contract or law, those allegations are expressly denied. Further responding, this Defendant denies that it breached any duties owed to Plaintiffs.

105.     This Defendant denies the allegations in Paragraphs 248 through 250.

106.     Responding to the allegations in Paragraphs 251, this Defendant denies former competent complaints were made against Defendant Roe. Further responding, this Defendant performed a competent investigation prior to hiring Defendant Roe, which included, among other things, a background check, which came back clean. As such, to the extent any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this Defendant, those allegations are denied.

107.     This Defendant denies the allegations in Paragraph 252.

108.     Responding to the allegations in Paragraph 253, this Defendant incorporates by reference its responses to the previous paragraphs as though set forth herein.

109.     Paragraphs 254 through 260 do not appear to be directed at this Defendant. However, to the extent Paragraphs 254 through 260 attempts to allege or does allege any cause of action, claim, act, error or omission as to this Defendant, those allegations are denied.

110.     Responding to the allegations in Paragraph 261, this Defendant incorporates by reference its responses to the previous paragraphs as though set forth herein.

111.     This Defendant is currently without sufficient information or knowledge to respond to the allegations in Paragraph 262, and therefore denies the same.

112.    Responding to the allegations in Paragraph 263, any duties owed by this Defendant arise by contract or by operation of law. To the extent any allegation in this Paragraph suggests or implies the existence of any duty other than those arising by contract or law, those allegations are expressly denied. Further responding, this Defendant denies that it breached any duties owed to Plaintiffs.

113.    Responding to the allegations in Paragraphs 264, this Defendant admits only so much as alleges that it was educated and had policies and procedures in place to ensure the safety of participants in its programs. However, to the extent that any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this defendant, those allegations are denied. The remaining allegations are denied as written.

114.    Responding to the allegations in Paragraphs 265 and 266, any duties owed by this Defendant arise by contract or operation of law. To the extent any allegation in these Paragraphs suggests or implies the existence of any duty other than those arising by contract or law, those allegations are expressly denied. Further responding, this Defendant denies that it breached any duties owed to Plaintiffs.

115.    Responding to the allegations in Paragraph 267, this Defendant denies knowledge of prior complaints of exploitation and/or sexual misconduct against Defendant Roe. Further responding, to the extent that any allegation in this Paragraph is intended to imply any wrongdoing, breach, or liability on behalf of this defendant, those allegations are denied.

116.    This Defendant is currently without sufficient information or knowledge to respond to the allegations in Paragraph 268, and therefore denies the same.

117.    Responding to the allegations in Paragraph 269, any duties owed by this Defendant arise by contract or by operation of law. To the extent any allegation in this Paragraph suggests or

implies the existence of any duty other than those arising by contract or law, those allegations are expressly denied. Further responding, this Defendant denies that it breached any duties owed to Plaintiffs.

118.     Responding to the allegations in Paragraphs 270 and 271, this Defendant admits only so much as alleges that XYZ knew its program would involve minor participants. However, to the extent any allegations in these Paragraphs are intended to imply any wrongdoing, breach, or liability on behalf of this defendant, those allegations are denied. The remaining allegations are denied as written.

119.     This Defendant denies the allegations in Paragraphs 272 through 275.

120.     Responding to the allegations in Paragraph 276, this Defendant incorporates by reference its responses to the previous paragraphs as though set forth herein.

121.     This Defendant denies the allegations in Paragraphs 277 through 282.

122.     Plaintiffs' Paragraph 283 is a cause of action heading, which does not require a response.

123.     Responding to the allegations in Paragraph 284, this Defendant incorporates by reference its responses to the previous paragraphs as though set forth herein.

124.     This Defendant denies the allegations in 285 through 290.

125.     Responding to the allegations in Paragraph 291, this Defendant incorporates by reference its responses to the previous paragraphs as though set forth herein.

126.     Responding to the allegations in Paragraphs 292 and 293, this Defendant craves reference to 18 U.S.C. § 2255 and denies any allegations inconsistent with said statute. However, to the extent any allegation in these Paragraphs is intended to imply any wrongdoing, breach, or liability on behalf of this defendant, those allegations are denied.

127.     This Defendant is currently without sufficient knowledge and information to respond to the allegations in Paragraphs 294 and 295, and therefore denies the same.

128.     This Defendant denies the allegations in Paragraph 296.

129.     Responding to the allegations in Paragraph 297, this Defendant incorporates by reference its responses to the previous paragraphs as though set forth herein.

130.     Responding to the allegations in Paragraph 298, this Defendant craves reference to S.C. Code Ann. § 39-5-20(a) referenced therein and denies any allegations inconsistent with said statute.

131.     Responding to the allegations in Paragraph 299, this Defendant craves reference to S.C. Code Ann. § 39-5-10(b) referenced therein and denies any allegations inconsistent with said statute.

132.     This Defendant denies the allegations in Paragraph 300.

133.     Responding to the allegations in Paragraph 301, this Defendant admits it takes reasonable and appropriate efforts to provide goods and services that are not harmful to minors and young adults, including taking all precautions required by law in connection. The remaining allegations are denied as stated.

134.     This Defendant denies the allegations in Paragraphs 302 through 306.

135.     This Defendant denies the allegations and prayer for relief contained within the WHEREFORE Paragraph and respectfully requests the Court deny the same.

### FURTHER RESPONDING TO THE COMPLAINT
### AND AS AN AFFIRMATIVE DEFENSE THERETO:
**(Rule 12(b)(6), Fed. R. Civ. P. – Failure to State a Claim)**

136.     Some or all of the causes of action in Plaintiffs' Complaint fail to state a claim upon which relief can be granted. As such, the Complaint should be dismissed in whole or in part.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Sole Negligence of Plaintiffs)**

137.    This Defendant would further show that, upon information and belief, any losses, injuries, and/or damages sustained by Plaintiffs, without admitting Plaintiffs were injured and/or damages, were directly and proximately caused by the sole negligence, willfulness, carelessness, and/or recklessness of the Plaintiffs and their privies and were not caused by this Defendant, which sole negligence of the Plaintiffs and their privies is a complete bar to the Plaintiffs' attempt to recover from this Defendant.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Comparative Negligence)**

138.    This Defendant would further show that, upon information and belief, any losses, injuries, and/or damages sustained by Plaintiffs, without admitting Plaintiffs were injured and/or damaged, were directly and proximately caused by the negligence, willfulness, carelessness, and/or recklessness of the Plaintiffs or their privies, alone or combining with and contributing to any such acts on the part of this Defendant, which are denied. Such conduct on the part of the Plaintiffs or their privies was the direct and proximate cause of any alleged loss, damages and/or injuries by the Plaintiffs. This negligence of the Plaintiffs or their privies exceeds any negligence on the part of this Defendant, which is denied. This Defendant pleads the Plaintiffs' or their privies' greater degree of comparative fault as a complete bar to any recovery. Further, if it is determined that the negligence and reckless of the Plaintiffs or their privies is equal to or less than the negligence and recklessness alleged against this Defendant, then any recovery by the Plaintiffs should be decreased by that percentage of the Plaintiffs' or their privies own negligence and

recklessness which directly or proximately caused the injuries and/or damages, pursuant to the doctrine of comparative negligence.

### FURTHER RESPONDING TO THE COMPLAINT
### AND AS AN AFFIRMATIVE DEFENSE THERETO:
#### (Intervening Causes)

139.    This Defendant would further show that, upon information and belief, that some or all damages allegedly sustained by the Plaintiffs (the existence of such damages being denied) were a proximate result of one or more independent, efficient, intervening causes, which this Defendant pleads as a bar to this action.

### FURTHER RESPONDING TO THE COMPLAINT
### AND AS AN AFFIRMATIVE DEFENSE THERETO:
#### (Proximate Cause)

140.    This Defendant would further show that, upon information and belief, no acts or omissions on the part of this Defendant were the proximate cause or cause in fact of some or all damages allegedly suffered by the Plaintiffs (the existence of such damages being denied). Therefore, the Plaintiffs' action is barred in whole or in part.

### FURTHER RESPONDING TO THE COMPLAINT
### AND AS AN AFFIRMATIVE DEFENSE THERETO:
#### (Alleged Damages caused by Others)

141.    This Defendant would show that, upon information and belief, some or all damages allegedly sustained by the Plaintiffs (the existence of such damages being denied) were a direct or proximate result of the acts or omissions of another party or parties over whom this Defendant had no control or duty to control. This Defendant pleads the acts of another party or parties as a complete defense to all claims.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Assumption of Risk)**

142.    This Defendant would show that, upon information and belief, the Plaintiffs (or their privies on their behalf) assumed the risk of loss, which assumption of risk constitutes a complete bar to this action.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Consent)**

143.    This Defendant would show that, upon information and belief, any injuries or damages sustained by Plaintiffs, all of which are denied by this Defendant, were (a) caused by the Plaintiffs' or their privies' own conduct and barred in whole or in part because the Plaintiffs or their privies consented to and/or initiated such conduct and/or (b) waived either expressly or impliedly by the Plaintiffs' or their privies' own conduct.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Estoppel, Waiver, Laches, Unclean Hands)**

144.    This Defendant would show that, upon information and belief, with regard to some or all causes of action in the Complaint, the Plaintiffs' claims are barred by the doctrine of estoppel, waiver, laches, and/or unclean hands.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Statute of Limitations)**

145.    This Defendant would show that, upon information and belief, some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Criminal Conduct)**

146.    This Defendant would show that, upon information and belief, to the extent that it is alleged that the Plaintiffs' injuries or damages, which are specifically denied, resulted from any alleged willful, malicious, or criminal conduct, such conduct was beyond the control of this Defendant, was not intended by this Defendant, could not reasonably have been foreseen by this Defendant, and was not authorized or ratified by this Defendant. Any causal connection between any alleged negligence of this Defendant and any injuries or damages to the Plaintiffs is, therefore, broken to the extent that such injuries or damages, which are denied, resulted from willful, malicious, or criminal conduct.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Conduct Outside the Course and Scope of Employment)**

147.    This Defendant would show that, upon information and belief, any alleged misconduct of this Defendant's agents or employees (which is specifically denied) was wholly and completely outside the course and scope of their employment or agency, and the conduct was neither authorized nor ratified by this Defendant. As such, Plaintiffs are not entitled to any recovery from this Defendant.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**
**(Compliance with Standard of Care)**

148.    This Defendant would show that, upon information and belief, at all times relevant to the allegations in the Complaint, the conduct of this Defendant and its agents and employees conformed to, and was in full compliance with, the standard of care expected of similar individuals and institutions in South Carolina. All of the conduct of this Defendant and its agents and

employees was within the acceptable standards and methods and at no time did this Defendant or its agents and employees deviate from the standard of care with respect to the Plaintiffs.

### FURTHER RESPONDING TO THE COMPLAINT
### AND AS AN AFFIRMATIVE DEFENSE THERETO:
### (Good Faith)

149.    This Defendant would further show that, upon information and belief, this Defendant acted in good faith and in a reasonable manner.

### FURTHER RESPONDING TO THE COMPLAINT
### AND AS AN AFFIRMATIVE DEFENSE THERETO:
### (SCUPTA)

150.    This Defendant would further show that, upon information and belief, the South Carolina Unfair Trade Practices Act is inapplicable to the allegations contained in the Complaint.

### FURTHER RESPONDING TO THE COMPLAINT
### AND AS AN AFFIRMATIVE DEFENSE THERETO:
### (Failure of Assault/Battery Claim)

151.    This Defendant would show that, upon information and belief, Plaintiffs' claim for assault and battery fails against this Defendant because a corporation cannot commit an assault or battery and assault and battery are not within the scope of an employee's employment.

### FURTHER RESPONDING TO THE COMPLAINT
### AND AS AN AFFIRMATIVE DEFENSE THERETO:
### (Failure of Conspiracy Claim)

152.    This Defendant would show that, upon information and belief, Plaintiffs' Complaint fails to plead additional acts in furtherance of the alleged conspiracy.

### FURTHER RESPONDING TO THE COMPLAINT
### AND AS AN AFFIRMATIVE DEFENSE THERETO:
### (No Conspiracy between a Corporate Entity and its Agents)

153.    This Defendant would further show that, upon information and belief, there can be no conspiracy between a corporate entity and its agents or officers.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**

154.    This Defendant would further show that, upon information and belief, if punitive damages are recoverable, which is denied, the amount of punitive damages "is not really a fact tried by the jury." *Cooper Industries, Inc. v. Leatherman Tool Grp., Inc*. 532 U.S. 424, 437 (2001). Therefore, Plaintiffs' request for punitive damages to be determined by the jury violates the U.S. Constitution.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**

155.    This Defendant would further show that, upon information and belief, if punitive damages are recoverable, which is denied, the amount of punitive damages must be limited to an amount no greater than the award of actual damages.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**

156.    This Defendant would further show that, upon information and belief, Plaintiffs' claims for punitive damages are barred because punitive damages are a form of punishment and any such award under the laws of the State of South Carolina would violate this Defendant's procedural and substantive Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution and the S.C. Constitution.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**

157.    This Defendant would further show that, upon information and belief, any award of punitive damages is subject to the limitations set forth in S.C. Code Ann. § 15-32-530.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

158.    This Defendant would show that, upon information and belief, the Plaintiffs'

request for punitive damages is subject to the provision of S.C. Code Ann. 15-32-520, including,

but not limited to, the requirement for a bifurcated trial and the clear and convincing evidence

standard of proof.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

159.    This Defendant would show that, upon information and belief, to the extent

Plaintiffs seek both punitive damages and treble damages, such claims are barred as they would

amount to an impermissible double recovery.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

160.    This Defendant would show that, upon information and belief, some or all of the

causes of action in Plaintiffs' Complaint fail to state a claim against this Defendant upon which

that Plaintiffs can recover attorneys' fees.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

161.    This Defendant reserves and asserts all rights under S.C. Code Ann. § 15-38-15 to

the extent that it bars, limits, or apportions any fault or recovery herein.

**FURTHER RESPONDING TO THE COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

162.    This Defendant would further show that, upon information and belief, if it is liable

to the Plaintiffs (which is specifically denied), then other potentially responsible parties would be

liable to it in contribution or indemnity. This Defendant pleads the doctrines of contribution and

indemnity as a defense in this action.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**

163.    This Defendant would further show that, upon information and belief, if it is liable to the Plaintiffs (which is specifically denied), then it is entitled to setoff or recoupment for all sums of money recovered from any other potentially liable party or monies obtained from any other collateral source obtained by or on behalf of the Plaintiffs by way of any settlement, judgment, or otherwise which the Plaintiffs have entered or recovered from any other potentially responsible party.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**

164.    This Defendant would further show that, upon information and belief, the Plaintiffs will be subject to an election of remedies should they prevail on more than one of their causes of action.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**

165.    This Defendant would further show that, upon information and belief, the Complaint does not comply with Rule 10(a), Fed. R. Civ. P., and thus the court lacks jurisdiction over the parties. However, this Defendant acknowledges that, in light of their allegations (which are denied), that Plaintiffs have legitimate privacy interests, and thus, this Defendant will not oppose the entry of an order authorizing Plaintiffs to proceed anonymously.

**FURTHER RESPONDING TO THE COMPLAINT**
**AND AS AN AFFIRMATIVE DEFENSE THERETO:**

166.    To the extent applicable and not already asserted hereinabove, this Defendant pleads all affirmative defenses listed in Rule 8(c), Fed. R. Civ. P.

## **FURTHER RESPONDING TO THE COMPLAINT**
## **AND AS AN AFFIRMATIVE DEFENSE THERETO:**

167.    This Defendant incorporates by reference any and all additional relevant and/or applicable defenses asserted in any Answers to the Complaint, which have been filed or may be filed by other Defendants.

WHEREFORE, having fully answered Plaintiffs' Complaint, this Defendant prays for judgment in favor of XYZ Skating Rink, Inc., for costs associated with defending this action, and for any other relief as this Court may find just and proper.

ETHRIDGE LAW GROUP, LLC

By: *s/ Mary S. Willis*
    MARY S. WILLIS
    Federal Bar No.: 12388
    R. MICHAEL ETHRIDGE
    Federal Bar No.: 7497
    1100 Queensborough Blvd., Suite 200
    Mount Pleasant, SC 29464
    843-614-0007
    mwillis@ethridgelawgroup.com
    methridge@ethridgelawgroup.com

    *Attorneys for XYZ Skating Rink, Inc.*