# IN THE DISTRICT COURT OF THE UNITED STATES
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| JANE DOE #1 AND JANE DOE #2,<br><br>*PLAINTIFFS,*<br><br>vs.<br><br>ABC SKATING FEDERATION, INC.,<br>XYZ SKATING RINK, INC., AND<br>JOHN ROE, FIGURE SKATING COACH,<br><br>*DEFENDANTS.* | CASE NO.: 3:24-CV-00362-JDA<br><br><br>**DEFENDANT JOHN ROE, FIGURE SKATING COACH'S ANSWER TO PLAINTIFFS' COMPLAINT** |

*Defendant John Roe, Figure Skating Coach ("Roe"), hereby answers the Complaint of the Plaintiffs as follows:*

### FOR A FIRST DEFENSE

1. Except as is hereinafter specifically admitted, each and every allegation contained in the Complaint is denied.

2. All admissions which Defendant Roe makes in answering the allegations of Plaintiffs' Complaint are made subject to and are qualified by Defendant Roe's defenses, and to the extent that any allegations contained in the Plaintiffs' Complaint or any inference therefrom is inconsistent with the defenses pleaded herein, it is specifically denied.

3. Defendant Roe also reserves the right to plead by motion or by amended or supplemental pleading any other defenses which may be or may become available to it under the law, rules, or facts of this case.

**FOR A FIRST DEFENSE TO THE "SUMMARY OF ACTION" OF THE COMPLAINT**

4.     Roe lacks sufficient information or knowledge to form an opinion or belief as to the allegations of Paragraphs 1, 2, 3, and 4 of the Complaint and, therefore, denies them.

5.     Roe admits the allegations of Paragraph 5 of the Complaint.

6.     Roe denies the allegations of Paragraph 6 as stated.

7.     Roe lacks sufficient information or knowledge to form an opinion or belief as to the allegations of Paragraphs 7 and 8 of the Complaint and, therefore, denies them.

8.     Roe denies the allegations of Paragraphs 9 and 10 of the Complaint.

9.     Paragraph 11 of the Complaint does not contain factual allegations, but rather a conclusion of law to which Roe believes no response is required. To the extent a response is required, Roe denies having engaged in any sexual misconduct as defined by any court of law and demands strict proof thereof.

10.    Roe denies the allegations of Paragraphs 12, 13 and 14.

**FOR A FIRST DEFENSE TO THE "PARTIES" SECTION OF THE COMPLAINT**

11.    The allegations of Paragraphs 1 through 10 above are realleged as fully as if repeated here verbatim in response to the additional allegations of the Complaint.

12.    Roe lacks sufficient information or knowledge to form an opinion or belief as to the allegations of Paragraphs 15 and 16 of the Complaint and, therefore, denies them.

13.    Roe denies the allegations of Paragraphs 17, 18, 19, 20, 21, 22, 23, 24 and 25.

14.    Roe admits the allegations of Paragraphs 26 and 27 of the Complaint upon information and belief.

15.    Paragraphs 28 through 39 are not directed at Defendant Roe and, as such, no response from him with respect to the allegations contained therein is required.  To the

extent a response is merited by Roe, he lacks sufficient information or knowledge to form an opinion or belief as to the allegations of Paragraphs 28 through 39 of the Complaint and, therefore, denies them.

16. Paragraphs 40 through 48 are not directed at Defendant Roe and, as such, no response from him with respect to the allegations contained therein is required. To the extent a response is merited by Roe, he lacks sufficient information or knowledge to form an opinion or belief as to the allegations of Paragraphs 40 through 48 of the Complaint and, therefore, denies them.

17. Roe admits the allegations of Paragraph 49.

18. Roe lacks sufficient information or knowledge to form an opinion or belief as to the allegations of Paragraph 50 of the Complaint and, therefore, denies them.

19. Roe denies the allegations of Paragraph 51.

20. Roe lacks sufficient information or knowledge to form an opinion or belief as to the allegations of Paragraphs 52, 53, 54 and 55 of the Complaint and, therefore, denies them.

21. Roe denies the allegations of Paragraph 56.

22. Roe lacks sufficient information or knowledge to form an opinion or belief as to the allegations of Paragraphs 57, 58, 59, 60, 61 and 62 of the Complaint and, therefore, denies them.

### FOR A FIRST DEFENSE TO THE "JURISDICTION AND VENUE" SECTION OF THE COMPLAINT

23. The allegations of Paragraphs 1 through 22 above are realleged as fully as if repeated here verbatim in response to the additional allegations of the Complaint.

24. Roe denies the allegations of Paragraphs 63 and 64 of the Complaint as jurisdiction and venue are matters of law for the Court and cannot be conferred by parties.

### FOR A FIRST DEFENSE TO THE "JOINT AND SEVERAL LIABILITY" SECTION OF THE COMPLAINT

25. The allegations of Paragraphs 1 through 24 above are realleged as fully as if repeated here verbatim in response to the additional allegations of the Complaint.

26. Roe denies the allegations of Paragraph 65.

### FOR A FIRST DEFENSE TO THE "FACTUAL ALLEGATIONS SUPPORTING THE CAUSES OF ACTION IN THIS COMPLAINT" SECTION OF THE COMPLAINT

27. The allegations of Paragraphs 1 through 26 above are realleged as fully as if repeated here verbatim in response to the additional allegations of the Complaint.

28. Paragraphs 66 through 98 are not directed at Defendant Roe and, as such, no response from him with respect to the allegations contained therein is required. To the extent a response is merited by Roe, he lacks sufficient information or knowledge to form an opinion or belief as to the allegations of Paragraphs 66 through 98 of the Complaint and, therefore, denies them.

29. Roe denies the allegations of Paragraph 99 of the Complaint

30. Paragraphs 100 through 138 are not directed at Defendant Roe and, as such, no response from him with respect to the allegations contained therein is required. To the extent a response is merited by Roe, he lacks sufficient information or knowledge to form an opinion or belief as to the allegations of Paragraphs 100 through 138 of the Complaint and, therefore, denies them.

31. Roe denies the allegations of Paragraphs 139 and 140 of the Complaint.

32. Paragraphs 141 through 178 of the Complaint do not contain factual allegations, but rather unsubstantiated observations and/or conclusions of law to which Roe believes no response is required. To the extent a response is required, Roe denies the allegations of Paragraphs 141 through 178 to the extent they could be construed as applicable to him.

33. Roe lacks sufficient information or knowledge to form an opinion or belief as to the allegations of Paragraphs 179 and 180 of the Complaint and, therefore, denies them.

34. Roe admits the allegations of Paragraphs 181, 182 and 183 of the Complaint.

35. Roe lacks sufficient information or knowledge to form an opinion or belief as to the allegations of Paragraphs 184, 185 and 186 of the Complaint and, therefore, denies them.

36. Roe denies the allegations of Paragraphs 187 through 208 of the Complaint.

37. Roe lacks sufficient information or knowledge to form an opinion or belief as to the allegations of Paragraphs 209, 210, 211, 212, and 213 of the Complaint and, therefore, denies them.

38. Roe denies the allegations of Paragraphs 214 through 236 of the Complaint.

39. Roe lacks sufficient information or knowledge to form an opinion or belief as to the allegations of Paragraphs 237 through 240 of the Complaint and, therefore, denies them.

40. Roe denies the allegations of Paragraphs 241 through 253 of the Complaint.

**FOR A FIRST DEFENSE TO THE FIRST CAUSE OF ACTION**

41. The allegations of Paragraphs 1 through 40 above are realleged as fully as if repeated here verbatim in response to Paragraph 254 of the Complaint.

42. Roe denies the allegations of Paragraphs 255 through 260 of the Complaint.

## FOR A FIRST DEFENSE TO THE SECOND CAUSE OF ACTION

43. The allegations of Paragraphs 1 through 42 above are realleged as fully as if repeated here verbatim in response to Paragraph 261 of the Complaint.

44. Roe denies the allegations of Paragraph 262 of the Complaint.

45. Paragraphs 263 through 266 are not directed at Defendant Roe and, as such, no response from him with respect to the allegations contained therein is required. To the extent a response is merited by Roe, he lacks sufficient information or knowledge to form an opinion or belief as to the allegations of Paragraphs 263 through 266 of the Complaint and, therefore, denies them.

46. Roe denies the allegations of Paragraph 267 of the Complaint.

47. Paragraphs 268 through 273 are not directed at Defendant Roe and, as such, no response from him with respect to the allegations contained therein is required. To the extent a response is merited by Roe, he lacks sufficient information or knowledge to form an opinion or belief as to the allegations of Paragraphs 268 through 273 of the Complaint and, therefore, denies them.

48. Roe denies the allegations of Paragraph 274 of the Complaint to the extent they apply to him.

49. Paragraph 275 is not directed at Defendant Roe and, as such, no response from him with respect to the allegations contained therein is required. To the extent a response is merited by Roe, he lacks sufficient information or knowledge to form an opinion or belief as to the allegations of Paragraph 275 of the Complaint and, therefore, denies them.

**FOR A FIRST DEFENSE TO THE THIRD CAUSE OF ACTION**

50. The allegations of Paragraphs 1 through 49 above are realleged as fully as if repeated here verbatim in response to Paragraph 276 of the Complaint.

51. Roe denies the allegations of Paragraph 277 of the Complaint to the extent they apply to him.

52. Paragraph 278 is not directed at Defendant Roe and, as such, no response from him with respect to the allegations contained therein is required. To the extent a response is merited by Roe, he lacks sufficient information or knowledge to form an opinion or belief as to the allegations of Paragraph 278 of the Complaint and, therefore, denies them.

53. Roe denies the allegations of Paragraphs 279 through 282 of the Complaint to the extent they apply to him.

**FOR A FIRST DEFENSE TO THE FOURTH CAUSE OF ACTION**

54. The allegations of Paragraphs 1 through 53 above are realleged as fully as if repeated here verbatim in response to Paragraph 284 of the Complaint.

55. Roe denies the allegations of Paragraph 285 through 290 of the Complaint to the extent they apply to him.

**FOR A FIRST DEFENSE TO THE FIFTH CAUSE OF ACTION**

56. The allegations of Paragraphs 1 through 55 above are realleged as fully as if repeated here verbatim in response to Paragraph 291 of the Complaint.

57. Roe denies the allegations of Paragraph 292 through 296 of the Complaint to the extent they apply to him.

**FOR A FIRST DEFENSE TO THE SIXTH CAUSE OF ACTION**

58. The allegations of Paragraphs 1 through 57 above are realleged as fully as if repeated here verbatim in response to Paragraph 297 of the Complaint.

59. Paragraphs 298 through 306 are not directed at Defendant Roe and, as such, no response from him with respect to the allegations contained therein is required. To the extent a response is merited by Roe, he lacks sufficient information or knowledge to form an opinion or belief as to the allegations of Paragraphs 298 through 306 of the Complaint and, therefore, denies them.

60. As to the final, unnumbered Paragraph of the Complaint beginning with "WHEREFORE," Roe denies that Plaintiffs are entitled to the prayed for judgment and relief.

**FOR A SECOND DEFENSE**

61. Further answering, Defendant Roe has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery regarding the circumstances of Plaintiffs' allegations. Roe intends to act as best he can to inform himself of the pertinent facts and prevailing circumstances surrounding any reported injuries or damages to the Plaintiffs as alleged in the Complaint and gives notice of his intent to assert any further affirmative defenses that his information-gathering process may indicate is supported by fact and law. Therefore, Defendant Roe reserves the right to amend this Answer and assert such defenses.

**FOR A THIRD DEFENSE**

62. Further answering, Defendant Roe would show that the any injuries and/or damages allegedly sustained by the Plaintiffs were due to and proximately caused by the

intervening or superseding acts of a third party or parties for whom Defendant Roe is not responsible and over whom Defendant Roe exercised no control.

## FOR A FOURTH DEFENSE

63. Further answering, Defendant Roe would show that the Plaintiffs failed to mitigate their damages, the existence of which Defendant Roe denies, and pleads failure to mitigate damages as a defense to this action.

## FOR A FIFTH DEFENSE

64. Further answering, Defendant Roe would show that there is neither a contractual nor a statutory right to costs, expenses and/or attorney's fees under South Carolina law that can be sustained against Defendant Roe. As such, Plaintiff is completely barred from any recovery of costs, expenses and/or attorney's fees.

## FOR A SIXTH DEFENSE

65. Further answering, Defendant Roe would show that any claim on behalf of the Plaintiff for punitive damages is barred by the provisions of the United States and the South Carolina Constitutions.

66. That Plaintiffs' claim for punitive damages violates both the Fourteenth Amendment of the United States Constitution and Article 1, Section 3, of the South Carolina Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of a meaningful standard and is inconsistent with due process guarantees.

67. That Plaintiffs' claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article 1, Section 3 of the South

Carolina Constitution, for even if it could be argued that a standard governing the imposition of punitive damages exists, this standard is void for vagueness.

68. That the Plaintiffs' claim for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article 1, Section 3 of the South Carolina Constitution, in that the amount of punitive damages is based upon the wealth of the In-Home.

69. That the Plaintiffs' claim for punitive damages violates the Federal doctrine of separation of powers and Article 1, Section 8 of the South Carolina Constitution for the reason that punitive damages are a creation of the judicial branch of government which invades the province of the legislative branch of government.

70. That any award of punitive damages, which would be inappropriate for the reasons stated above, cannot exceed the ratio of punitive damages to actual damages as currently recognized by Federal and State law.

**FOR A SEVENTH DEFENSE**

71. Further answering, Defendant Roe would show that the Plaintiffs' Unfair Trade Practices cause of action cannot be maintained because there was no unfair act within the conduct of trade or commerce that impacts the public interest.

**FOR AN EIGHTH DEFENSE**

72. Without the identification of the Doe Plaintiffs, Defendant Roe is unable to determine who has made the allegations against him, counsel is unable to determine if any conflicts exist, and Defendant Roe is unable to prepare an adequate defense in the within matter. As such, Defendant Roe would respectfully show that the identities of the Plaintiffs should be revealed as soon and as practically as possible.

**FOR A NINTH DEFENSE**

73. Further answering, Defendant Roe would show that Plaintiffs' claims are barred by the Doctrine of Laches. Due to the passage of time, documents, information and witnesses are or may no longer be available for the proper adjudication of this matter.

**FOR A TENTH DEFENSE**

74. Further answering, Defendant Roe would show that Plaintiffs' claims are barred by the Doctrines of Waiver, Consent, and Estoppel.

**FOR AN ELEVENTH DEFENSE**

75. Further answering, Defendant Roe would show that the damages sought by the Plaintiffs as against Defendant Roe are entirely speculative in nature, and the Plaintiffs are therefore barred from recovery.

**FOR A TWELVTH DEFENSE**

76. Further answering, Defendant Roe would show that if he is liable to the Plaintiffs (which is specifically denied), then he is entitled to a setoff or recoupment for all sums of money recovered from any other potentially liable party or monies obtained from any other collateral source obtained by or on behalf of the Plaintiffs by way of any settlement, judgment, or otherwise which the Plaintiffs have entered or recovered from any other potentially responsible party.

**FOR A THIRTEENTH DEFENSE**

77. Further answering, Defendant Roe would show that the Complaint fails to plead additional acts in furtherance of the alleged conspiracy but, instead, merely restates the allegations of its other causes of action and characterizes them as a conspiracy.

**FOR A FORTEENTH DEFENSE**

78. Further answering, Defendant Roe would show that Defendant Roe reserves and asserts all rights under S.C. Code Ann. § 15-38-15 to the extent it bars, limits, or apportions any fault or recovery herein.

*WHEREFORE*, Defendant Roe prays that the Plaintiffs' Complaint be dismissed, with costs, and for such other and further relief as this Court deems just and proper.

**HOWSER, NEWMAN & BESLEY, L.L.C.**

By:   s/Andrew L. Hethington
      Andrew Elliott Haselden (Federal Bar No.: 5504)
      Andrew L. Hethington (Federal Bar No.: 13567)
      ahaselden@hnblaw.com
      215 East Bay Street / Suite 303
      Charleston, SC 29401
      (843) 216-6940
      *ATTORNEYS FOR DEFENDANT JOHN ROE,*
      *FIGURE SKATING COACH,*

March 18, 2024